This is an appeal from the September 15, 1994 judgment of the Common Pleas Court of Marion County denying the motion for summary judgment filed by the appellant, Chapter 720, Ohio Association of Public School Employees ("OAPSE"), to confirm an arbitration award and granting a motion of appellee, Elgin Local School District Board of Education, requesting vacation of the award. On September 26, 1994 and October 7, 1994, appellant timely filed its appeals from separate portions of this judgment, which were subsequently consolidated.
OAPSE is a labor organization which serves as a bargaining unit for appellee's employees, including its food service workers. Appellee contracted with Canteen Corporation to manage and eventually staff its food service program. After the contract was entered into, none of appellee's employees were terminated. Eventually, two of appellee's cooks retired. The positions were first offered to the bargaining unit in accordance with the bidding provisions of the collective bargaining agreement. No current employees bid on the positions, and the positions were subsequently filled by Canteen Corporation employees.
On September 8, 1993, OAPSE filed a grievance, alleging that appellee had violated Article 1 of its agreement with OAPSE on August 31, 1993, by permitting the Canteen Corporation to fill two vacant cook positions with two individuals hired by Canteen as its own employees. The grievance basically was that appellee had violated Article 1, Section B of the collective bargaining agreement by removing the two cook positions from OAPSE's bargaining unit and by failing to recognize OAPSE as the sole and exclusive bargaining representative of the two cooks who began working in the vacant cook positions. The grievance was denied, and OAPSE notified appellee that in accordance with the bargaining agreement it had elected to pursue the grievance through arbitration. It was agreed that Arthur R. Porter, Jr. would be the arbitrator.
A hearing was held before the arbitrator on February 17, 1994. On March 18, 1994, the arbitrator issued a written decision in which he found that appellee had violated Article 1, Section B of the parties' collective bargaining agreement by *Page 206 
placing the two vacant cook positions outside of OAPSE's bargaining unit and by depriving the two employees hired by Canteen Corporation of their collective bargaining rights. Article 1, Section B of the agreement states:
"B. The Board recognizes the Union as the sole and exclusive bargaining representative for the following classified employees:
 1. Bus Drivers 5. Aides 2. Mechanic 6. Custodians 3. Maintenance 7. Cooks 4. Cleaning Personnel 8. Secretaries
"Excluded from the bargaining unit are all substitute employees, supervisors, administrators, one (1) guidance secretary, and the superintendent's secretary. Supervisors shall be defined as those employees who have the right to hire, fire, discipline, discharge, evaluate and/or recommend or participate in such action(s)."
Article 37 of the bargaining agreement states:
"Except as limited only by the specific and express terms of the contract and Ohio law, the Board hereby retains and reserves unto itself, without limitation, all powers, rights, authority, duties and responsibilities conferred upon and vested in it by the laws and the Constitution of the State of Ohio, and of the United States."
On June 27, 1994, OAPSE filed an application with the common pleas court pursuant to R.C. Chapter 2711 to confirm the arbitration award and reduce it to judgment. OAPSE then moved for summary judgment. Appellee moved to vacate the award and to deny OAPSE's application to confirm the award. The trial court on September 15, 1994, issued a judgment entry granting summary judgment in favor of appellee, vacating the award and denying the application to confirm. The court found that the arbitrator exceeded his authority by modifying the agreement in violation of Article 7, Level Four of the collective bargaining agreement, which states:
"4. The arbitrator shall not have the authority to add to, subtract from, modify, change or alter any of the provisions of this collective bargaining contract, nor add to, detract from or modify the language therein arriving at his decision concerning any issue presented that is proper within the limitations expressed herein. The arbitrator shall expressly confine himself to the precise issue(s) submitted for binding arbitration and shall have no authority to decide any other issue(s) not so submitted to him or to submit observations or declarations of opinions in reaching his decision."
Specifically, the court found that the arbitrator had expanded Article 1 of the collective bargaining agreement to include employees that were not within the unit and had ignored the provision of Article 37 that states that the appellee retains the powers not expressly granted in the collective bargaining agreement. *Page 207 
In that regard the court stated that the appellee had reserved the right to subcontract, since that right was not expressly given away in the bargaining agreement, and thus the contract with Canteen Corporation was not a violation of the bargaining agreement.
For its assignments of error, appellant sets forth the following:
 Assignment of Error No. 1
"The trial court erred, as a matter of law, when it entered summary judgment in favor of appellee's motion to vacate an arbitration award after appellee failed to rebut the presumption of validity that legally attached to the award."
 Assignment of Error No. 2
"The trial court erred, as a matter of law, when it granted summary judgment in favor of appellee's motion to vacate an arbitration award in that the issue between the parties was one reserved exclusively for the arbitrator's determination."
 Assignment of Error No. 3
"The trial court erred, as a matter of law, in denying appellant's motion for summary judgment on appellant's application to confirm."
In its argument regarding the first and second assignments of error, appellant states that the arbitrator's award was entitled to a presumption of validity, that the court should have limited its review of the award to a determination of whether the award drew its essence from the collective bargaining agreement, and that the award was not unlawful, arbitrary or capricious.
R.C. 2711.09 provides that a party may apply to the common pleas court for an order confirming an arbitration award and that judgment shall be entered thereon unless the award is vacated, modified or corrected as prescribed in R.C. 2711.10 and2711.11. R.C. 2711.10 provides that a common pleas court shall vacate an award if it was obtained by corruption, fraud or undue means, or if there was partiality, misconduct or misbehavior by the arbitrator, or, as stated in (D), if "[t]he arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."
Appellee states that the arbitrator's award is not entitled to deference because the arbitrator exceeded his authority, allowing for vacation of the award as provided in R.C.2711.10(D). Specifically, appellee states that the arbitrator interpreted Article 1, Section B of the bargaining agreement to prohibit subcontracting. Appellee states that Article 1, Section B is not ambiguous and did not require interpretation by the arbitrator, that his interpretation thus amounted to *Page 208 
a modification not permitted by Article 7 of the agreement, and that the arbitrator therefore exceeded his authority.
The arbitrator stated the following:
"The arbitrator holds that there has been a contract violation in this instance. This position is taken for the following reasons:
"1. Article 1 § B is very specific. Cooks are listed as part of the bargaining unit (jt 1). It is improper to hold that the labor agreement covers only the current employees (at the time of the contract) who were working in their jobs.
"2. It might be possible to hold that management could subcontract a service, such as those listed in Article § B, 1-8, if the major part of the service(s) is performed outside the school property and control. The cafeterias, however, are within the schools. Historically, they have been part of the Elgin school functions. The Canteen Corporation may operate the cafeterias within the terms of the labor agreement.
"3. OAPSE is not contending that the operation cannot be carried on by an outside contractor. The contention is that the terms of the labor agreement must apply to the cooks managed by the Canteen Corporation as well as the employees who are supervised directly by the Elgin administrative officials.
"4. The approach used by the board of Education in this instance could mean that many of the operations listed in the agreement at Article 1 § B could be subcontracted to private employers, with private employees. That conclusion is not the intent of the recognition clause of the labor agreement.
"Award
"Even if the status of the current Union employees is not affected, the school Board cannot contract with an independent contractor to perform work previously performed by Union employees, unless the contractor follows the terms of the labor agreement. An independent contractor may continue functions in a manner similar to the procedures outlined in Board Exhibit # 2." (Emphasis sic.)
We agree with the trial court's conclusion that the arbitrator exceeded his authority in interpreting the language contained in Article 1, Section B, which is not ambiguous. Neither that article nor any other part of the agreement refers to subcontracting. That article merely establishes which employees are represented by the bargaining unit. Since subcontracting is not specifically limited by any express contract provision, in accordance with Article 37, the power to subcontract is reserved, and appellee is free to subcontract the work normally performed by public employees, provided it does so in a good faith manner for a business reason and not merely to avoid the bargaining agreement. *Page 209 
Appellant has not asserted that there was any bad faith attempt by appellee to circumvent the provisions of the bargaining agreement. To the contrary, as the arbitrator pointed out in the background information set forth in the award, in 1991-1992, appellee lost $80,000 in the operation of the school cafeterias, putting a strain on taxpayer dollars. Appellee, in an effort to alleviate that strain, decided to subcontract the operation of the cafeterias. There were no layoffs as a result of the subcontracting. Appellee's attempt to fill the two vacancies created by the retirement of the cooks from the bargaining unit failed, so the subcontractor filled the positions. As of August 1993, the cafeterias had saved substantially, as there was a balance of $25,000. The Supreme Court of Ohio decided in State ex rel. Sigall v. Aetna CleaningContrs. of Cleveland, Inc. (1976), 45 Ohio St.2d 308, 74 O.O.2d 471, 345 N.E.2d 61, and Local 4501 v. Ohio State Univ. (1986),24 Ohio St.3d 191, 24 OBR 20, 494 N.E.2d 1082, that such contracting is permissible, provided it does not violate the bargaining agreement or R.C. Chapter 4117 (Public Employees' Collective Bargaining Act). Appellant makes no allegation concerning R.C. Chapter 4117, and as stated above, we find no reference in the contract to subcontracting. Therefore there is no violation of the contract. In addition, in negotiating their new contract after the subcontracting, neither party referred to subcontracting in the new contract terms.
For the foregoing reasons, the assignments of error are overruled and the judgments of the trial court are affirmed.
Judgments affirmed.
THOMAS F. BRYANT, P.J., and SHAW, J., concur.